**THOMAS J. DALY, CA Bar No. 119684**
thomas.daly@cph.com
**KATHERINE L. QUIGLEY, CA Bar No. 258212**
katherine.quigley@cph.com
**CHRISTIE, PARKER & HALE, LLP**
655 N. Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff,
United States Pumice Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES PUMICE COMPANY, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>SEUNG JOON LEE, an individual, and YIWU XIANXUE COMPANY, LIMITED, dba IPUMICE.COM, a People's Republic of China corporation,<br><br>Defendants. | Case No. 2:15-cv-00938<br><br>**COMPLAINT FOR TRADE DRESS INFRINGEMENT, MISAPPROPRIATION OF TRADE SECRETS, AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff United States Pumice Company ("U.S. Pumice"), by and through its attorneys, Christie, Parker & Hale, LLP, files its complaint against Seung Joon Lee and Yiwu Xianxue Company, Ltd. dba ipumice.com (collectively "Defendants") for injunctive relief and damages as follows:

## JURISDICTION AND VENUE

1. This case is a civil action arising under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq.* This Court has subject matter

jurisdiction over the claims in the Complaint which relate to trade dress infringement and unfair competition, pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

2. This Court has supplemental jurisdiction over the claims in this Complaint that arise under statutory and common law of the State of California pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c).

4. This Court has personal jurisdiction over Defendant Seung Joon Lee and Defendant Yiwu Xianxue Company, Limited because Defendants conduct systematic and continuous business within the Central District of California related to the unlawful activities at issue in the Complaint. U.S. Pumice is informed and believes, and on that basis alleges, that Defendants, through the use of interstate mail and wire, among other means, regularly do and solicit business, engage in other forms of conduct, and derive substantial revenue from doing business in this judicial district. Defendants run and operate an internet website, www.ipumice.com, which is directed to and accessible by consumers within this judicial district. Further, U.S. Pumice is informed and believes, and on that basis alleges, that by its actions alleged herein Defendants willfully, intentionally, and maliciously caused harm to U.S. Pumice at its headquarters in this judicial district.

## PARTIES

5. Plaintiff United States Pumice Company is a California corporation with its principal place of business at 20219 Bahama Street, Chatsworth, California 91311.

6. U.S. Pumice is informed and believes that Defendant, Seung Joon Lee is an individual residing at 5727 Canoga Ave. #263, Woodland Hills, CA 91367.

7. U.S. Pumice is informed and believes that Defendant, Yiwu Xianxue Company, Limited is a corporation of the People's Republic of China with its principal place of business at 1st Floor Unit 3, 9 Building 3 Zone, GongDaTang, Yiwu Zhejiang, China 322-000.

## FACTUAL BACKGROUND

### The Business of Plaintiff United States Pumice Company

8. For over 70 years, U.S. Pumice has been a leading producer, manufacturer, and distributor of high quality pumice products.

9. U.S. Pumice is an international supplier of abrasive cleaning products for home, professional and industrial uses, offering a wide variety of pumice products, including natural and manmade pumice products as well as other abrasive cleaning products. The pumice products sold by U.S. Pumice are used in various applications, including cleaning, maintenance, beauty, and landscaping.

### Pumie Packaging Trade Dress

10. Among U.S. Pumice's pumice products is the popular customer product the PUMIE® SCOURING STICK, sold under the trademarked PUMIE® brand name. U.S. Pumice has consistently sold its PUMIE® SCOURING STICK in packaging having distinctive features, an example of which is shown below:



U.S. Pumice's PUMIE® SCOURING STICK Packaging

11. The PUMIE® SCOURING STICK packaging includes several distinctive features, such as the name of the product (i.e., SCOURING STICK) in large all-capital letters in a bold font taking up a large portion of the package's backdrop, the brand name of the product (i.e., PUMIE®) in a smaller font using lowercase letters in the upper left-hand corner of the backdrop, and small caricatures of surfaces with which the product can be uses, for example, bathtubs, toilets and stoves, displayed on the front surface of the packaging with the surface or group of surfaces spaced apart from each other, each in a small square-like area. These distinctive features, among others, contribute to the unique and distinctive packaging of the PUMIE® SCOURING STICK, referred to herein as the Pumie Packaging Trade Dress. An image of the Pumie Packaging Trade Dress is also attached hereto as Exhibit A.

12. U.S. Pumice has continually and extensively used its Pumie Packaging Trade Dress since 1995.

13. U.S. Pumice has made, and continues to make, a substantial investment of time, effort, and expense in design, manufacturing, and marketing of its PUMIE® SCOURING STICK using the Pumie Packaging Trade Dress. U.S. Pumice has extensively promoted its PUMIE® SCOURING STICK using the Pumie Packaging Trade Dress worldwide through the distribution of catalogs

and on its internet website, available at www.uspumice.com. Examples of brochures advertising the PUMIE® SCOURING STICK using the Pumie Packaging Trade Dress are attached as Exhibit B.

14. In addition, U.S. Pumice has marketed its PUMIE® SCOURING STICK using the Pumie Packaging Trade Dress in various magazines and trade shows, including Sanitary Maintenance Magazine, and it has been recognized on various online retail sites, stain removal websites and blogs.

15. U.S. Pumice advertises the PUMIE® SCOURING STICK using the Pumie Packaging Trade Dress at large retail stores throughout the United States, including Home Depot, Walmart, Lowe's, Ace, True Value, Do It Best, and many others, and also at a multitude of online retailers, including Amazon.com. These retailers display and offer for sale the PUMIE® SCOURING STICK in the Pumie Packaging Trade Dress to the general public.

16. The PUMIE® SCOURING STICK using the Pumie Packaging Trade Dress has been commercially successful. As a result, industry professionals and the public recognize the Pumie Packaging Trade Dress as designating an exclusive source, thereby creating a goodwill which inures to U.S. Pumice.

### U.S. Pumice's Color Trade Dress

17. In addition to the distinctive Pumie Packaging, U.S. Pumice's pumice products are recognized by their distinctive gray color. U.S. Pumice's manmade pumice products have been dyed from their original white color to the specific shade of gray that is now indicative of U.S. Pumice's products, herein referred to as the Color Trade Dress. Photographs of U.S. Pumice's gray manmade pumice products exhibiting the Color Trade Dress are attached hereto as Exhibit C.

18. U.S. Pumice's manmade pumice products first introduced the Color Trade Dress in January 2009.

19. As a result of its efforts and use, U.S. Pumice's pumice products exhibiting the Color Trade Dress have gained substantial distinctiveness to become recognized by the public and industry professionals as being associated with U.S. Pumice, thereby creating goodwill that inures to U.S. Pumice's benefit.

20. U.S. Pumice has extensively promoted its pumice products having the Color Trade Dress worldwide through the distribution of catalogs and on its internet website, available at www.uspumice.com. Examples of brochures advertising U.S. Pumice's products with the distinctive Color Trade Dress are attached as Exhibit D.

21. In addition, the distinctive Color Trade Dress has been extensively used by U.S. Pumice in its advertisements. Depictions of U.S. Pumice's products in advertisements show the distinctive Color Trade Dress. U.S. Pumice has marketed its products with the distinctive Color Trade Dress in various magazines and trade shows, including Sanitary Maintenance Magazine, and it has been associated with U.S. Pumice's products on various online retail sites, stain removal websites and blogs.

22. U.S. Pumice advertises pumice products exhibiting the Color Trade Dress at large retail stores throughout the United States, including Home Depot, Walmart, Lowe's, Ace, True Value, Do It Best, and many others, and also at a multitude of online retailers, including Amazon.com. These retailers display and offer for sale U.S. Pumice's pumice products having the Color Trade Dress to the general public.

23. U.S. Pumice's products with the distinctive Color Trade Dress have been commercially successful. As a result, industry professionals and the public recognize the Color Trade Dress as designating an exclusive source, thereby creating a goodwill which inures to U.S. Pumice.

## U.S. Pumice's Trade Secrets

24. Over the last 73 years, U.S. Pumice has expended substantial time, energy, money, and expertise in acquiring, developing, compiling, maintaining,

and keeping confidential its trade secrets and confidential aspects of its customer relationships. U.S. Pumice's confidential trade secrets include, but are not limited to, customer contact information, customer product performance requirements, and pricing, hereinafter collectively referred to as U.S. Pumice's Confidential Information.

25. U.S. Pumice's customer list is proprietary, confidential, and not generally known or readily accessible to the public or to persons who can obtain economic value from its disclosure or use. Such proprietary, confidential, and trade secret information derives independent economic value, actual or potential, from not being generally known by the public or other persons or competitors who can obtain economic value from its disclosure and use.

26. Such proprietary, confidential, and trade secret information is extremely valuable as it is a treasure trove for any competitor interested in competing with U.S. Pumice's business. Unauthorized access to the information could give a competitor a massive shortcut to identifying specific entities, their price points, and their product requirements.

27. U.S. Pumice engages in measures intended to maintain the secrecy of its Confidential Information and to prevent its dissemination to anyone other than employees and limited professionals and subcontractors. These measures include restricting the number of persons with access to the Confidential Information to a limited number and password protecting the Confidential Information.

**The Business of Defendants Mr. Lee and Yiwu Xianxue Co., Ltd.**

28. U.S. Pumice is informed and believes that Defendants are a retailer and/or distributor and/or manufacturer of pumice products to the public and are in the business of marketing and selling pumice products.

29. Defendant Seung Joon Lee is a former employee of U.S. Pumice.

30. Defendant Seung Joon Lee has been fully aware of U.S. Pumice, the Pumie Packaging Trade Dress and the Color Trade Dress since approximately

March 15, 2007 when Mr. Lee began working for U.S. Pumice. Defendant Mr. Lee stopped working for U.S. Pumice on April 5, 2012.

31. U.S. Pumice is informed and believes that since early 2014, Defendant Seung Joon Lee has been operating or otherwise associated with Defendant Yiwu Xianxue Company, Limited.

32. Defendant Seung Joon Lee is the named registrant for the website www.ipumice.com, which is run and/or operated by Defendant Yiwu Xianxue Company, Limited. The website ipumice.com is referred to hereinafter as Defendants' website.

33. U.S. Pumice is informed and believes that Defendants sell or have sold pumice products in direct competition with U.S. Pumice's products.

34. On Defendants' website, Defendants advertise and offer for sale pumice products, including MOLLY'S SCRUBBING BAR, in packaging which is confusingly similar of the Pumie Packaging Trade Dress. Examples from Defendants' website showing the MOLLY'S SCRUBBING BAR are attached hereto as Exhibit E.

35. On Defendants' website, Defendants advertise and offer for sale pumice products, which have a color that is confusingly similar to the Color Trade Dress of U.S. Pumice's products. Examples from Defendants' website showing such pumice products are attached hereto as Exhibit F.

36. U.S. Pumice has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute the pumice products with the Pumie Packaging Trade Dress or with a design substantially similar to the Pumie Packaging Trade Dress.

37. U.S. Pumice has not authorized Defendants to copy, reproduce, manufacture, duplicate, disseminate, or distribute the pumice products with the Color Trade Dress or with a color substantially similar to the Color Trade Dress of U.S. Pumice's products.

38.  U.S. Pumice is informed and believes, and on that basis alleges, that Defendants have engaged in the manufacture, advertisement, distribution, duplication and/or sale of pumice products in packaging that is confusingly similar to the Pumie Packaging Trade Dress.

39.  U.S. Pumice is informed and believes, and on that basis alleges, that Defendants have engaged in the manufacture, advertisement, distribution, duplication and/or sale of infringing pumice products, which have a color substantially similar to the U.S. Pumice's Color Trade Dress.

40.  U.S. Pumice is informed and believes, and on that basis alleges, that Defendants sell their pumice goods to, and actively solicit and seek as customers, the same consumers as U.S. Pumice.

41.  Defendant Seung Joon Lee previously worked for U.S. Pumice and had access to U.S. Pumice's Confidential Information.

42.  U.S. Pumice is informed and believes that, during his employment with U.S. Pumice, Defendant Seung Joon Lee obtained Confidential Information regarding U.S. Pumice's customers.

43.  U.S. Pumice is informed and believes that Defendant Seung Joon Lee obtained copies of U.S. Pumice's Confidential Information prior to ending his employment with U.S. Pumice.

44.  U.S. Pumice is informed and believes that Defendant Seung Joon Lee supplied U.S. Pumice's Confidential Information to Defendant Yiwu Xianxue Company, Limited.

45.  U.S. Pumice is informed and believes that Defendant Yiwu Xianxue Company, Limited is now using U.S. Pumice's Confidential Information to solicit U.S. Pumice's customers.

46.  U.S. Pumice is informed and believes, and on that basis alleges, that Defendants, instead of expending its own valuable time and resources to lay the extensive groundwork necessary to create its own book of business in the pumice market, decided to take numerous unlawful shortcuts including:

- misappropriating U.S. Pumice's highly confidential and proprietary customer list; and
- unlawfully using U.S. Pumice's customer list to directly solicit U.S. Pumice's current customers.

47. Upon learning that U.S. Pumice's customer list was misappropriated, U.S. Pumice immediately demanded that Defendants stop using the information contained in the Confidential Information.

48. U.S. Pumice is informed and believes that Defendants are still willfully using U.S. Pumice's Confidential Information.

## FIRST CLAIM FOR RELIEF

### (Infringement of the Pumie Packaging Trade Dress)

49. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 48 of this Complaint as though fully set forth here.

50. The Pumie Packaging Trade Dress is inherently distinctive and acts as a designation of an exclusive source for U.S. Pumice's PUMIE® SCOURING STICK.

51. Defendant's use in commerce of the Pumie Packaging Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's products are authorized, sponsored or approved by or affiliated with U.S. Pumice.

52. For example, the packaging in which Defendants sell the MOLLY'S SCRUBBING BAR is confusingly similar to the Pumie Packaging Trade Dress. A comparison of U.S. Pumice's packaging for the PUMIE® SCOURING STICK embodying the Pumie Packaging Trade Dress to Defendants' product follows:

 

U.S. Pumice's Packaging                Defendants' Packaging

53.  The above-described acts of Defendants constitute trade dress infringement and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling U.S. Pumice to relief.

54.  U.S. Pumice is being damaged by and is likely to be damaged in the future by Defendants' acts by reason of the likelihood that purchasers will be confused as to the source, sponsorship, or affiliation of Defendants' pumice products.

55.  Defendants have unfairly profited from the trademark infringement alleged.

56.  By reason of the above-described acts of Defendants, U.S. Pumice has suffered and will continue to suffer damage to the goodwill associated with the Pumie Packaging Trade Dress.

57.  The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm U.S. Pumice and the Pumie Packaging Trade Dress.

58.  The above-described acts of Defendants have irreparable harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

59.  By reason of the above-described acts of Defendants, U.S. Pumice's remedy at law is not adequate to compensate it for the injuries inflicted.

Accordingly, U.S. Pumice is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

60. Because the above-described acts of Defendants were willful, U.S. Pumice is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

61. This is an exceptional case making U.S. Pumice eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### (Infringement of U.S. Pumice's Color Trade Dress)

62. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 61 of this Complaint as though fully set forth here.

63. The Color Trade Dress of U.S. Pumice's pumice products is inherently distinctive and acts as a designation of an exclusive source for U.S. Pumice's pumice products.

64. Defendant's use in commerce of the Color Trade Dress is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's products are authorized, sponsored or approved by or affiliated with U.S. Pumice.

65. For example, the MOLLY'S SCRUBBING BAR, which uses the Color Trade Dress of U.S. Pumice's products, is confusingly similar to U.S. Pumice's PUMIE® SCOURING STICK. A comparison of the PUMIE® SCOURING STICK having the Color Trade Dress of U.S. Pumice's products to Defendants' MOLLY'S SCRUBBING BAR follows:

 


U.S. Pumice's Scouring Stick            Defendants' Scrubbing Bar

66. The above-described acts of Defendants constitute trade dress infringement and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling U.S. Pumice to relief.

67. U.S. Pumice is being damaged by and is likely to be damaged in the future by Defendants' acts by reason of the likelihood that purchasers will be confused as to the source, sponsorship, or affiliation of Defendants' pumice products.

68. Defendants have unfairly profited from the trademark infringement alleged.

69. By reason of the above-described acts of Defendants, U.S. Pumice has suffered and will continue to suffer damage to the goodwill associated with the Color Trade Dress.

70. The above-described acts of Defendants have irreparably harmed and, if not enjoined, will continue to irreparably harm U.S. Pumice and the Color Trade Dress of U.S. Pumice's products.

71. The above-described acts of Defendants have irreparable harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

72. By reason of the above-described acts of Defendants, U.S. Pumice's remedy at law is not adequate to compensate it for the injuries inflicted.

CHRISTIE, PARKER & HALE, LLP

Accordingly, U.S. Pumice is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

73. Because the above-described acts of Defendants were willful, U.S. Pumice is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

74. This is an exceptional case making U.S. Pumice eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

## THIRD CLAIM FOR RELIEF

### (Misappropriation of Trade Secrets)

75. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 74 of this Complaint as though fully set forth here.

76. U.S. Pumice's Confidential Information as described herein are trade secrets as defined by the California Uniform Trade Secrets Act, California Civil Code §§ 3426.1 *et seq.* (the "UTSA"), and pursuant to common law.

77. U.S. Pumice is informed and believes that Defendants acquired and used U.S. Pumice's Confidential Information by improper means, including, without limitation, breach and inducement of breach of a duty to maintain secrecy. Such acts constitute misappropriate of trade secrets under the UTSA.

78. U.S. Pumice is informed and believes that Defendants misappropriated U.S. Pumice's trade secret information in order to convert U.S. Pumice's customers to Defendants' customers and has used U.S. Pumice's trade secret information in furtherance of such purpose. Such acts constitute misappropriation of trade secrets under the UTSA.

79. U.S. Pumice is informed and believes that Defendants improperly acquired, used, and disclosed U.S. Pumice's trade secret information.

80. U.S. Pumice is informed and believes that, as a proximate result of the actual misappropriate of U.S. Pumice's trade secrets by Defendants, U.S. Pumice has been damaged in that Defendants have and will continue to receive

the benefits of the trade secrets, which have aided and will continue to aid Defendants to compete unfairly against U.S. Pumice.

81. The conduct of Defendants has caused and will continue to cause irreparable harm to U.S. Pumice. Unless enjoined, Defendants will continue to receive the benefits of the trade secrets misappropriated from U.S. Pumice, which have aided and will continue to aid Defendants to compete unfairly against U.S. Pumice. Defendants will continue to attempt to unlawfully solicit U.S. Pumice's customers. U.S. Pumice's competitive position, based on its valuable knowledge, access and use of its proprietary, confidential, and trade secret information, will be irretrievably lost. U.S. Pumice has no adequate remedy at law.

82. U.S. Pumice is informed and believes that, in misappropriating U.S. Pumice's trade secrets, Defendants are guilty of willful and malicious misappropriation. U.S. Pumice is, therefore, entitled to compensatory damages according to proof and exemplary and punitive damages in an amount appropriate to punish Defendants, and to make an example of Defendants to the community.

83. In addition, U.S. Pumice is entitled to recover its attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF

**(Violation of California Unfair Competition Law)**

84. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 83 of this Complaint as though fully set forth here.

85. U.S. Pumice is informed and believes that Defendants are in direct competition with U.S. Pumice.

86. Defendants have infringed U.S. Pumice's trade dress rights and sold infringing products in violation of U.S. Pumice's proprietary rights. Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200, et seq., and under the common law of the State of California.

87. Pursuant to California Business and Professions Code § 17203, Defendant is required to disgorge and restore to U.S. Pumice all profits and property acquired by means of Defendants' unfair competition with U.S. Pumice.

88. Due to the conduct of the Defendants, U.S. Pumice has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford U.S. Pumice adequate relief at law for Defendant's acts and continuing acts. U.S. Pumice's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Defendant. Accordingly, U.S. Pumice is entitled to temporary, preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

89. U.S. Pumice is informed and believes and on that basis alleges that Defendant's conduct has been intentional and willful and in conscious disregard of U.S. Pumice's rights and, therefore, U.S. Pumice is entitled to exemplary or punitive damages under the common law of the State of California in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

## **PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Court enter a judgment against Defendants that Defendants have:

    a. infringed the trade dress rights of U.S. Pumice in the Pumie Packaging Trade Dress in violation of 15 U.S.C. § 1125;

    b. infringed the trade dress rights of U.S. Pumice in the Color Trade Dress in violation of 15 U.S.C. § 1125;

    c. misappropriated U.S. Pumice's Confidential Information at common-law and in violation of California Civil Code §§ 3426; and

CHRISTIE, PARKER & HALE, LLP

-16-

    d. competed unfairly with U.S. Pumice at common-law and in violation of California Business and Professions Code § 17200.

2. That each of the above acts were willful and/or malicious.

3. That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining Defendants, their agents, employees, and representatives and all persons acting in concert or in privity with any of them from:

    a. manufacturing, producing, selling, distributing, advertising, destroying, altering, or otherwise disposing of pumice products that are in the possession of Defendants that are confusingly similar to U.S. Pumice's pumice products with the Color Trade Dress or that are sold in packaging that is confusingly similar to the Pumie Packaging Trade Dress;

    b. destroying any documents, electronic files, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such product or packaging; and,

    c. engaging in any other activity constituting an infringement of U.S. Pumice's trade dress rights in the Pumie Packaging Trade Dress and the Color Trade Dress.

4. That the Court issue a Permanent Injunction enjoining and restraining Defendants and their respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using U.S. Pumice's trade dress rights in the Pumie Packaging Trade Dress and the Color Trade Dress.

5. That the Court issue an Order at the conclusion of the present matter that the pumice products infringing U.S. Pumice's trade dress be seized, impounded and destroyed.

6. That the Court issue a Preliminary Injunction and Permanent Injunction that Defendants, as well as their agents, officers, directors, partners, employees, and all persons in active concert or participation with Defendants who receive notice of such order, and each of them, be:

    a. restrained and enjoined from contacting any of U.S. Pumice's customers whose identity was unlawfully obtained for a period of at least three years;

    b. ordered to immediately disclose to U.S. Pumice each and every individual within Defendant Yiwu Xianxue Company who received any of U.S. Pumice's trade secret and/or proprietary information, including, but not limited to, customer lists, and each and every individual and entity outside of Defendant Yiwu Xianxue Company to whom any Defendant distributed or disclosed, whether orally or in writing, U.S. Pumice's Confidential Information; and

    c. restrained and enjoined from erasing, destroying, altering, or otherwise disposing of any or all documents related to Defendants' solicitation, acquisition, use, and/or disclosure of U.S. Pumice's trade secret and proprietary information prior to the resolution of this case.

7. That U.S. Pumice be awarded damages for Defendants' trade dress infringement and unfair competition.

8. That U.S. Pumice be awarded Defendants' profits resulting from its infringement of U.S. Pumice's trade dress rights.

9. That Defendants be ordered to account for and disgorge to U.S. Pumice all amounts by which Defendants have been unjustly enriched by reason of the unlawful acts complained of.

10. That damages resulting from Defendants' willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

11. That U.S. Pumice be awarded exemplary or punitive damages in an amount appropriate to punish Defendants and to make an example of Defendants to the community.

12. That the Court award U.S. Pumice its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, Cal. Civ. C. §3426.4 and any other applicable provision of law.

13. That the Court award U.S. Pumice its costs of suit incurred herein.

14. That Plaintiff has such other or further relief as the Court may deem just and proper.

Dated: February 9, 2015

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By /s/ Thomas J. Daly
Thomas J. Daly
Katherine L. Quigley

Attorneys for Plaintiff,
United States Pumice Company

# DEMAND FOR JURY TRIAL

Plaintiff United States Pumice Company, pursuant to Federal Rule of Civil Procedure 38, hereby demands a trial by jury of all issues so triable.

Dated: February 9, 2015

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By /s/Thomas J. Daly
Thomas J. Daly
Katherine L. Quigley

Attorneys for Plaintiff,
United States Pumice Company

LLB PAS1316280.3-*-02/9/15 7:27 PM